## In re NEELY.

### (District Court, S. D. New York. April 30, 1901.)

1. BANKRUPTCY—STAY OF EXECUTION AGAINST TRUSTEE.

The assets of a bankrupt in the custody of a court of bankruptcy are distributable under its order alone, and are not subject to levy by a sheriff to satisfy a judgment against the trustee, who is entitled to an order restraining such a threatened levy.

2. SAME—REPLEVIN AGAINST TRUSTEE—DAMAGES AND COSTS.

Costs awarded by a state court against the trustees of a bankrupt, as substituted defendants in an action of replevin pending at the time of the bankruptcy, should be allowed and paid in full from the bankrupt estate; but a judgment for damages for detention of the property is entitled to no preference over other claims against the bankrupt, where the trustees never had possession of the property, and were not responsible for its detention, but after their appointment did all that could reasonably be demanded of them, consistent with the protection of their rights, to assist the plaintiffs in obtaining possession of it.

In Bankruptcy.

Edwards & Bryan, for trustees.

Strong & Cadwalader, for judgment creditors.

BROWN, District Judge. The assets of the bankrupt are in the custody of this court and distributable under its order alone. Bankr. Act 1898, § 2 (3, 7, 8). They are therefore not subject to levy by the sheriff, and the restraining order asked for should so far be allowed. Payment of claims, however, should be directed by this court in accordance with the legal rights of the parties, under the bankrupt act.

The case arising under the judgment in the state court against the trustees has given me some embarrassment as respects the proper directions to be given as to the costs and damages for detention obtained in the replevin suit, amounting altogether to $1,727.21, for which the estate has received no benefit whatever. Of this sum $1,080 was for the unlawful detention of the goods. But the trustees never had possession of the goods and never detained them. The property claimed was of considerable value, and the case was such as to justify the trustees in requiring the plaintiffs in the replevin suit to show their title.

The action was commenced and process served before the bankruptcy proceedings. The detention was the act of the bankrupt. The goods were in a storage warehouse, from which under Act N. Y. 1895, c. 633, they could not be removed, except by consent or by the order of the court after proof of title. Except for that act, the goods would have been delivered to the plaintiffs at the time of the commencement of the action upon the plaintiffs' undertaking in the sum of $13,000 to answer therefor executed at that time. The trustees offered to consent to the delivery of the goods to the plaintiffs upon their execution of a proper bond to respondent for their value if the title were determined against them. This the plaintiffs refused. The trustees also offered to proceed at once to a trial of the title before a referee in bankruptcy, where the title could have been speed-

ily and inexpensively determined, as hundreds of other similar claims have been and are constantly determined. But the plaintiffs refused their necessary consent, and in return asked the trustees to consent to a delivery of the property to the plaintiffs without any security at all—an unreasonable request. I do not say that the plaintiffs have actually stepped beyond the line of their strict legal rights, but they have pertinaciously insisted upon their extreme legal rights, and pursued a course most embarrassing to the trustees, and one tending to the utmost possible costs and damages. In no fair or proper sense was the detention of the goods the act of the trustees. The trustees as I have said have never had possession of the goods. The detention was originally by the bankrupt; and after the action was commenced, further detention was caused by the warehouse act of 1895, which prevented the plaintiffs from obtaining possession at the outset of the suit, and this was still further prolonged by the plaintiffs' unreasonable refusal to acquiesce in the trustees' efforts to facilitate the proceedings as well as to turn over the possession to the plaintiffs on proper terms. The intervention by the trustees in the suit was not for the detention of the goods, but only for the proper purpose of requiring the plaintiffs' title to be properly proved; and the judgment as respects damages for detention, is no different from what it would have been had the suit been continued in the bankrupt's name.

The bankrupt act gives no preference for claims for damages for detention like the present. Section 64. The case of Norton v. Switzer, 93 U. S. 355, 363, 23 L. Ed. 903, as it seems to me, holds that a judgment against the substituted trustee is to be paid only pro rata upon proof of it with other claims, and that will be followed here.

The authorities seem to require that the costs should be paid in full. An order in conformity with the above may be presented for settlement on two days' notice with a stay of execution.